FILED'09 FEB 17 14:41 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KIMBERLY ANNAMARIE McCORDUCK, | ) |
| | ) |
| Plaintiff | ) Civil No. 08-6022-CL |
| | ) |
| v. | ) FINDINGS AND |
| | ) RECOMMENDATION |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

KATHRYN TASSINARI
DREW L. JOHNSON
1700 Valley River Drive
Eugene, Oregon 97401

    Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

STEPHANIE R. MARTZ
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

    Attorneys for Defendant

Clarke, Magistrate Judge:

Plaintiff Kimberly McCorduck ("McCorduck") seeks judicial review of the Social Security Commissioner's final decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). This court has jurisdiction under 42 U.S.C. § 405(g).

For the following reasons, the Commissioner's decision should be reversed and remanded for the immediate calculation and award of benefits.

## PROCEDURAL BACKGROUND

Born in 1983, McCorduck has a seventh-grade education. Tr. 52, 59.[1] McCorduck has never performed substantial gainful activity. Tr. 56-57. McCorduck alleges disability due to borderline intellectual functioning, anxiety, and depression.

McCorduck alleges disability since August 31, 2002. Tr. 52. The Commissioner denied McCorduck's application initially and upon reconsideration. Tr. 25-29, 32-34. An Administrative Law Judge ("ALJ") held a hearing on August 2, 2007. Tr. 335-72. On August 30, 2007, the ALJ issued a decision finding McCorduck not disabled. Tr. 14-22. The Appeals Council accepted additional evidence into the record, but denied McCorduck's request for reconsideration. Tr. 6-9. The ALJ's decision thus became final on November 23, 2007. Tr. 6.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 416.920, *Bowen v. Yuckert*, 482

---

[1]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer (Docket #11).

2 - FINDINGS AND RECOMMENDATION

U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If he is, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. §§ 416.909, 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment medically meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). This evaluation includes assessment of the claimant's statements regarding his impairments. 20 C.F.R. § 404.945(a)(3). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. § 416.920(e), Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform his past relevant work at step four. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant can perform his past relevant work, he is not disabled. If the ALJ finds that the claimant's RFC precludes performance of her past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(f). If the claimant cannot perform such

3 - FINDINGS AND RECOMMENDATION

work, she is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden of production shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 416.966, 416.920(g).

McCorduck asserts that the ALJ erroneously evaluated her credibility, failed to appropriately assess the opinion of two examining psychologists, and consequently made an erroneous decision that she may perform work in the national economy at step five.

## THE ALJ'S FINDINGS

The ALJ found McCorduck's borderline intellectual functioning, anxiety disorder, and depressive disorder "severe" at step two in the sequential proceedings. Tr. 16. At step three, the ALJ found that these impairments did not medically meet or equal a listed impairment. *Id.* The ALJ's RFC assessment found that McCorduck has no physical limitations, restricted her from contact with the general public and frequent interaction with coworkers, and limited her to simple routine tasks. Tr. 16-17. The ALJ found that McCorduck has no past relevant work at step four, but found that she could perform work in the national economy at step five. Tr. 20-21. The ALJ therefore found McCorduck not disabled. Tr. 22.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42

4 - FINDINGS AND RECOMMENDATION

U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*, *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

McCorduck challenges the ALJ's credibility assessment, the ALJ's evaluation of two examining physicians, and his step five findings.

### I. McCorduck's Credibility

McCorduck alleges that the ALJ failed to state "clear and convincing" reasons for finding her not credible. Pl. Opening Br. 12. The ALJ found McCorduck's "statements concerning the intensity, persistence, and limiting effects" of her symptoms "not entirely credible." Tr. 23. The ALJ's support for this finding stated, "[f]rom the full record, the claimant is not accepted as fully credible." Tr. 19. The portions of his opinion relevant to McCorduck's credibility are addressed below.

#### A. Credibility Analysis

Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged" the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter*, 504 F.3d at 1036 (citing *Bunnell v. Sullivan*, 947 F.2d

341, 344 (9th Cir. 1991) (en banc)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding symptoms by the claimant. *Id.* Once a claimant shows an underlying impairment, the ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

**B.     Discussion**

**a.     McCorduck's Activities of Daily Living**

The ALJ cited McCorduck's report regarding activities of daily living. Tr. 19. The ALJ specifically noted McCorduck's report that she cares for her children and takes them to the park, cooks, shops, and performs household chores. Tr. 19. The ALJ made no identifiable credibility conclusion regarding this testimony. The ALJ concluded that McCorduck's mother's testimony "suggests that her daughter has a higher functioning level than alleged." Tr. 20. The court does not find this clear and convincing evidence. The court finds little substantive difference in the testimony of McCorduck and her mother about her daily activities. Her mother testified that her daughter, "can handle simple task[s] rather well – can cook simple meals, care for herself and kids, shops, but likes help sometimes by me." Tr. 211. McCorduck admits to the same level of activity.

6 - FINDINGS AND RECOMMENDATION

The court finds nothing inconsistent about the daily activities of McCorduck and her alleged intellectual and emotional disability. Daily activities inconsistent with alleged disability may support a negative credibility finding, but sporadic completion of daily living activities are not equivalent to full time employment. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). A claimant "need not vegetate in a dark room," to be found disabled. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987)). The ALJ does not explain why the activities listed above would be inconsistent with her alleged disabilities as discussed by her treating physicians.

McCorduck also reported that her ability to complete tasks and concentrate are limited. Tr. 30. At her hearing, McCorduck testified that her mother reminds her to take medication and attend appointments. Tr. 343. She also stated that while she is "pretty much capable" of caring for her children, she also receives help from her mother and her boyfriend. *Id.*

The ALJ's citation to McCorduck's activities of daily living does not support his credibility finding.

      **b.**    **Inconsistent Statements**

      **i.**    **McCorduck's Use of Public Transportation**

The ALJ noted that McCorduck reported riding the bus, and also noted that McCorduck told a Department of Human Services ("DHS") caseworker that she finds riding the bus difficult. Tr. 19 (citing exhibits 5F/13 and 7E). The Commissioner asserts that this reference supports a finding that McCorduck is not credible. Def.'s Br. 14.

The court fails to see any significant inconsistency. McCorduck admits she takes the bus but testified that she is has anxiety around people.

7 - FINDINGS AND RECOMMENDATION

The ALJ's second citation refers to McCorduck's disability report filed upon her initial appeal. Tr. 92. McCorduck stated, "I have anxiety attacks . . . I don't like being around many people - it's hard for me to ride the bus or go to a mall." Tr. 92. This statement supports, rather than detracts from, McCorduck's testimony that she finds riding the bus difficult. The Commissioner's assertion that McCorduck's bus riding constitutes contradictory testimony or activity contradictory to McCorduck's alleged disability should be rejected.

### ii. McCorduck's Absence From Her House

The ALJ rejected McCorduck's testimony that she is unable to be around groups of people because she was not home when DHS caseworkers visited or delivered materials to her house. Tr. 19. This court must affirm inferences reasonably drawn; where two reasonable interpretations of an ALJ's citation to a claimant's activities of daily living arise, the court must affirm the ALJ's reasoning. *Rollins v. Massinari*, 261 F.3d 853, 857 (9th Cir. 2001). In light of McCurdock's testimony that she takes her children to the park and her mother's home, this court does not find the ALJ's inference that McCorduck's absence creates a contradiction in her testimony supported.

### iii. McCorduck's County Fair Attendance

The ALJ found that McCorduck made inconsistent statements regarding her attendance at the County Fair because McCorduck first stated that she would go early "and then stated she would not be going." Tr. 19.

McCorduck first testified that the fair "scares me, and I'll end up leaving." Tr. 345. The ALJ subsequently asked McCorduck if she was planning to go to the upcoming fair. Tr. 348. McCorduck said no. Tr. 349. The ALJ then asked McCorduck when she last attended the fair, and McCorduck replied, "about maybe four years ago. I was only there for maybe an hour." *Id.*

8 - FINDINGS AND RECOMMENDATION

McCorduck's mother, Cynthia McCorduck, also discussed McCorduck's fair attendance at McCorduck's hearing. Tr. 359. Cynthia McCorduck stated that McCorduck agreed to go to the fair in the morning only. *Id.* The ALJ asked when McCorduck last attended the fair. *Id.* Cynthia McCorduck replied that McCorduck did not go "last year," and then stated that "maybe she did, I can't remember," and then stated, "she might have gone with her boyfriend last year, I think she did." *Id.*

An ALJ may cite internally inconsistent statements regarding symptoms and limitations in finding a claimant not credible. *Smolen*, 80 F.3d at 1284. The testimony of McCorduck and her mother does not support the ALJ's finding that McCorduck herself offered inconsistent testimony. McCorduck's testimony, and that of her mother, is vague, but does not establish an internal inconsistency in McCorduck's reporting that supports a negative credibility finding. The ALJ's inference is not based upon the record and should be rejected.

c.  **Failure to Follow Treatment**

The ALJ inferred that McCorduck failed to follow treatment for her depression and anxiety. Tr. 19. The ALJ stated, "The claimant is not under any mental health counseling, though it has been recommended to her by DHS caseworkers as well as her treating physicians." Tr. 19. The ALJ also noted that treating physician Dr. Skaggs "recently put the claimant back on Prozac." Tr. 19. The Commissioner cites these findings and asserts that, "nothing in the record indicated that the Plaintiff followed through with this recommendation and received counseling." Def.'s Br. 16.

The record does not show that McCorduck failed to follow any recommended treatment regarding her borderline intellectual functioning. McCorduck correctly asserts it is "poor practice" for an ALJ to chastise a mentally impaired claimant for failing to exercise judgment in seeking

9 - FINDINGS AND RECOMMENDATION

mental health treatment. Pl.'s Reply Br. 5 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)). For this reason, the ALJ's inference that McCorduck's failure to attend counseling detracts from her credibility should be rejected.

### d.   Work History and Application for Assistance

Finally, the ALJ inferred that McCorduck is not credible because she participated in a sheltered environment work program and sought public assistance. Tr. 19. An ALJ may not chastise a claimant for attempting to work in spite of her impairments; such activity supports, rather than detracts, from the claimant's credibility. *Lingenfelter*, 504 F.3d at 1038. Additionally, an ALJ may not find a claimant not credible simply because she applies for financial assistance; monetary compensation is the purpose of disability benefits. *Ratto v. Sec'y Health and Human Serv.*, 839 F.Supp. 1415, 1428 (D. Or. 1993). The ALJ's inference that McCorduck was not credible because of her work attempts and applications for assistance is inappropriate.

In summary, the ALJ made no clearly identifiable credibility finding regarding McCorduck's testimony. The ALJ inferred that McCorduck's limited activities both contradicted and detracted from her testimony. These inferences are, respectively, unsupported by the record or unsupported by the correct legal standards. The ALJ's credibility determination should be rejected.

## II.   Medical Source Statements

### A.   Standards: Medical Source Statements

An ALJ must generally accord greater weight to a treating physician's opinion than an examining physician's opinion and, in turn, accord greater weight to an examining physician's opinion than to a reviewing physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ must give specific, legitimate reasons supported by substantial evidence for rejecting a

10 - FINDINGS AND RECOMMENDATION

controverted opinion from a treating or examining physician. *Id.* If the opinion is not contradicted by another physician, then the ALJ may reject it only for clear and convincing reasons. *Id.*

### B. Discussion

#### a. Examining Psychologist Dr. Joffee's Findings

Examining psychologist Dr. Joffee evaluated McCorduck on December 15, 2004. Tr. 222-230. Dr. Joffee conducted a clinical interview, and assessed numerous cognitive and intellectual functioning test. Dr. Joffee assessed McCorkduck's full scale IQ at 74. Tr. 225. Dr. Joffee stated that McCorduck's intellectual functioning "is consistent with a diagnosis of either borderline intellectual functioning or mild mental retardation." Tr. 227. Finally, Dr. Joffee found that McCorduck has a severe anxiety disorder and "probably" post-traumatic stress disorder. *Id.* Dr. Joffee concluded:

> Given her cognitive functioning, Ms. McCorduck may not be able to obtain a [general equivalency degree]. If had completed high school she might have been able to receive a modified diploma. She will be difficult to employ as her reading, writing, and math skills are so poor and her ability to understand oral directions is impaired. She would do best in a highly supervised, structured, repetitive environment.

Tr. 26.

#### b. Examining Psychologist Dr. Scott's Findings

Dr. Scott evaluated McCorduck on January 3, 2007. Tr. 305-312. Dr. Scott conducted a clinical interview and administered psychological tests. Dr. Scott assessed McCorduck's full scale IQ at 76, which he placed in the "borderline range," noting that McCorduck "does not meet the criteria for mental retardation, though she is just above the threshold of 70 on the Full Scale IQ score." Tr. 310. Dr. Scott diagnosed chronic post-traumatic stress disorder and recurrent, severe, major depressive disorder. Tr. 312.

11 - FINDINGS AND RECOMMENDATION

Dr. Scott additionally completed a mental residual functional capacity report form. Tr. 313-14. Dr. Scott endorsed "moderate" limitations in McCorduck's ability to remember locations and work-like procedures and understand and remember short, simple instructions. Tr. 313. Dr. Scott endorsed "marked" limitations in McCorduck's ability to remember and carry out detailed instructions, maintain attention and concentration for extended periods, perform activities within a schedule, work in proximity to others, make simple work-related decisions, or complete a normal workday without interruptions from psychologically based symptoms. Tr. 313-14. Dr. Scott also endorsed "marked" limitations in McCorduck's ability to interact appropriately with the public, accept instructions and criticism, get along with co-workers, respond appropriately to work-setting changes, and travel in unfamiliar places or use public transportation. Tr. 314.

### c.   Assessment of the ALJ's Findings

The opinions of Drs. Joffee and Scott are uncontradicted by other physician opinions. Therefore, the ALJ must give clear and convincing reasons for rejecting them. *Lester*, 81 F.3d at 830.

The ALJ rejected the conclusions of Drs. Joffee and Scott primarily because he found McCorduck not credible. Tr. 18. The ALJ may reject a physician opinion predicated upon the reports or volitional test results of a claimant deemed not credible. *Tonapetayan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). This is not presently the case. Because the ALJ's credibility decision is unsustainable, as discussed above, the ALJ's reliance upon that decision in rejecting the opinions of Drs. Joffee and Scott should also be rejected.

The ALJ also found that "considering that the claimant's basis for disability is in part her inability to communicate well due to insufficient education and [borderline intellectual functioning],

12 - FINDINGS AND RECOMMENDATION

the fact that she is able to operate a computer and communicate through written medium suggests far higher functioning level" than assessed by Drs. Scott and Joffee. Tr. 20. McCorduck testified that she met her boyfriend through a "chat line." Tr. 351. The record does not indicate whether this was a telephonic or internet chat line. No other portion of the record suggests that McCorduck used a computer or otherwise communicated in writing. The ALJ's inference that McCorduck's "chat line" use undermines the opinions of Drs. Scott and Joffee is not based upon the record.

Finally, the ALJ found DHS personnel's statements contradictory to the reports of examining psychologist Dr. Joffee. Tr. 18 (citing exhibit 11E/7). The ALJ's indicated citation refers to November 6, 2006, caseworker's report that McCorduck functions better than Dr. Joffee indicated, concluding that the claimant "appears reluctant to comply more than unable to comply." Tr. 117.

A DHS caseworker is not an "acceptable medical source." 20 C.F.R. § 404.913(a)(3). The ALJ may rely upon lay testimony in rejecting a medical opinion in "certain circumstances" only, such as when the lay source has seen the claimant more often and has greater knowledge of the individual's functioning over time than the medical source. SSR 06-30 at *6 (available at 2006 WL 2329939). The ALJ did not consider the longitudinal basis for the DHS caseworker's opinion and this court cannot construe such an assessment. This reasoning should therefore be rejected.

### d.   Disability Opinions

The ALJ rejected the workplace limitations assessed by Drs. Joffee and Scott in part because disability determinations are reserved for the Commissioner. Tr. 18. The ALJ correctly noted that disability determinations are reserved for the Commissioner. 20 C.F.R. § 404.927(e)(1). However, the ALJ failed to provide adequate reasons for rejecting the clinical opinions and work-related limitations assessed by Drs. Joffee and Scott. The ALJ's reference to the Commissioner's

13 - FINDINGS AND RECOMMENDATION

prerogative regarding ultimate disability findings does not sustain rejection of their clinical opinions.

In summary, the ALJ's rejection of examining psychologists Drs. Joffee and Scott is predicated upon an erroneous credibility determination and evidence that is unsupported by the record. The ALJ failed to give clear and convincing reasons for rejecting their opinions and the ALJ's findings regarding Drs. Joffee and Scott should be reversed.

## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000.)(*cert. denied*, 531 U.S. 1038 (2000)). The issue turns on the utility of further proceedings. Remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman*, 211 F.3d at 1178 (quoting *Smolen*, 80 F.3d at 1292).

The ALJ presently failed to provide legally sufficient reasons for rejecting McCorduck's testimony and the opinions of Drs. Joffee and Scott. Correction of the ALJ's errors resolves all issues and thus compels a determination of disability, demonstrating that further proceedings would serve no useful purpose. Here, the ALJ's assessment of McCorduck's testimony and the opinion of

14 - FINDINGS AND RECOMMENDATION

Drs. Joffee and Scott is not based upon the record. If credited, the limitations they describe establish disability. Specifically, the vocational expert's testimony establishes that Dr. Scott's January 2007 work restrictions would preclude McCorduck from performing work existing in the national economy at step five in the sequential proceedings. Tr. 369.

There are sufficient findings to establish disability at step five of the sequential proceedings if the improperly rejected evidence is credited as true, and this court therefore exercises its discretion and recommends remand for an award of benefits.

## **RECOMMENDATION**

The Commissioner's decision that McCorduck did not suffer from disability and is not entitled to benefits under Title XVI of the Social Security Act is not based upon correct legal standards and is not supported by substantial evidence. The Commissioner's decision should be REVERSED and remanded for the immediate calculation and award of benefits.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due by March 9, 2009. If objections are filed, any responses to the objections are due within 10 days*, see Federal Rules of Civil Procedure *72 and 6*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

//

DATED this 17 day of February, 2009.

Mark D. Clarke
United States Magistrate Judge

16 - FINDINGS AND RECOMMENDATION